# Howe v. The State.

*Indictment for Carrying Concealed Weapons.*

1. *Carrying concealed weapons; charge as to sufficiency of evidence.*— Where, on a trial under an indictment for carrying concealed weapons, the witnesses for the State testified that they saw a controversy between the defendant and another person, and were standing where they could have seen a pistol on the defendant's person if it had not been concealed, but that they did not see a pistol until it was drawn from the defendant's pocket, and the witnesses for the defendant testified that the pistol in the defendant's pocket was apparent to ordinary observation at the time referred to by the State's witnesses, a charge which instructs the jury that the fact that two or more witnesses who were in a position to see the pistol which the defendant had on his person, if it had not been concealed, testified that they did not see the pistol, is not sufficient to convict the defendant, is properly refused; such charge invading the province of the jury.

2. *Same; same.*—Where, on a trial under an indictment for carrying concealed weapons, two witnesses for the State testified that they were in a position to see the pistol carried by the defendant if it had not been concealed from ordinary observation, and two witnesses for the defendant testified that the pistol was not concealed, and they saw it, a charge which instructs the jury that "the mere fact that one witness did see, and one did not see the pistol of the defendant before he drew it, does not amount to an irreconcilable conflict in the evidence," is properly refused; the hypothesis of the charge not conforming to the facts in the case, and the charge itself is misleading and argumentative.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM S. THORINGTON.

The appellant was indicted, tried and convicted for carrying a pistol concealed about his person.

The State introduced two witnesses who testified in substance, that within twelve months before the finding of the indictment against the defendant and in the county of Montgomery, they saw the defendant in a controversy with one Ike Micou; that they were near the defendant and in a position where they could have seen any pistol on his person, unless it had been concealed from ordinary observation; that during said quarrel or controversy between defendant and said Micou, defendant drew a pistol from his pocket and shot Micou. That neither of the witnesses saw the pistol before it was drawn, and that it was concealed from ordinary observation.

Defendant introduced two witnesses who swore that they were also present at the time testified to by the State's witnesses; that they saw defendant both before and during the time he was quarrelling with Ike Micou; that defendant was in his shirt sleeves; that both before and during the time of said quarrel the pistol of defendant, which he finally drew and fired at Micou, was in the front pocket of defendant's pantaloons; that one inch or more of the handle of said pistol projected out of defendant's pocket in full view of any one looking at him, and was apparent to ordinary observation; that the depth of the pocket and length of the pistol were such that it could not have been wholly concealed in his said pocket. The defendant's testimony was substantially the same as the last two witnesses.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The mere fact that two or three or more witnesses did not see the pistol of defendant, is not sufficient to convict the defendant. They must believe from the evidence beyond a reasonable doubt that defendant carried a pistol concealed about his person before they can convict him." (2.) "The mere fact that one witness did see and one did not see the pistol of defendant before he drew it, does not amount to an irreconcilable conflict in the evidence."

GORDON MACDONALD, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State,

cited *Street v. State*, 67 Ala. 87 ; *Smith v. State*, 96 Ala. 66; *Ramsey v. State*, 91 Ala. 29 ; *Newell v. State*, 19 So. Rep. 511.

McCLELLAN, J.—The first charge requested by the defendant, when referred to the evidence, was in effect an instruction that the fact that two or more witnesses, who were in a position to see the pistol which defendant had on his person, if it had not been concealed, testified that they did not see the pistol, was not sufficient to convict. This went obviously to the weight of the evidence, and was well refused.

There was no error in refusing the second charge. Witnesses for defendant testified that the pistol was not concealed and that they saw it. Witnesses for the State to the contrary testified that they were in a position to see the pistol but for its concealment, that they did not see it, and that it *was concealed from ordinary observation.* While the facts hypothesized in the charge may, not have presented an irreconcilable conflict, the facts in evidence did present such conflict ; and the giving of the instruction to meet a statement of the solicitor—as it manifestly and confessedly was intended to do—that there was irreconciable conflict in the evidence, would have clearly tended to mislead the jury. Besides, the charge in reality asserted no proposition of law, but was a mere argument.

Affirmed.


